UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                       Case No.   2:04-cv-583-FtM-99SPC

TRACT B04-31, 2.50 Acres of Land,
More or Less in Collier Co.,
Florida, Elizabeth Anton Larossa,
individually and as Trustee of the
Elizabeth Anton Larossa Revocable
Trust, If Living, but, If Deceased,
Elizabeth Anotn Larossa (Deceased),
the Unknown Heirs and Devisees of
Elizabeth Anton Larossa,

        Defendant.
_____

**OPINION AND ORDER**

     This matter came before the Court on May 22, 2006, for a bench trial on the matter of just compensation in 10 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71A. The applicant Mortgage Electronic Registration Systems, Inc. appeared in Case No. 2:04-cv-583-FTM-99SPC. The Court heard testimony on behalf of plaintiff from Bernard F. Gallagher, Jr., Review Appraiser, United States Department of Interior, National Business Center, Office of Appraisal Services Directorate, Southeast Region Field Office (Florida & Virgin Islands), Atlanta, Georgia, regarding the value of the properties, and no evidence was presented to the contrary.

Bernie Gallagher testified as to the common characteristics of the land as: (1) inaccessible by vehicle; (2) flooded approximately 6 months of the year; (3) no structures; (4) conservation zoning; and (5) with highest and best use being recreational.  In all of the cases, the government took immediate possession of the property pursuant to a Declaration of Taking and an Order for Delivery of Possession, and deposited an amount representing the estimated just compensation.  No funds have been disbursed from the Registry of Courts to claimants or for unpaid taxes due and owing to the Collier County Tax Collector.[1]  Only one Application for Withdrawal of Estimated Just Compensation was pending at the time of trial in Case No. 2:04-cv-583-FTM-99SPC.

The Court, having considered the testimony and other evidence,

**ORDERS AND ADJUDGES:**

Just Compensation as to each tract of property is as follows:

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | MONIES DISBURSED (after taxes) | JUST COMPENSATION DETERMINED |
|---|---|---|---|
| Tract J05-08 (10.0 acres) 04cv577 | $8,500.00 + $1,569.01 on 5/10/06 = **$10,069.01** | (taxes not paid but due and owing) | $10,000.00 ($1,000/acre) |

---

[1] The Court notes that applications for disbursement have since been filed by the Tax Collector.

| | | | |
|---|---|---|---|
| Tract H28-27 (10.0 acres) 04cv578 | $1,000.00 + $7,500.00 on 12/16/04 + $1,570.11 on 5/10/06 = **$10,070.11** | (taxes not paid but due and owing) | $10,000.00 ($1,000/acre) |
| Tract H27-39 (5.0 acres) 04cv579 | $4,250.00 + $785.05 on 5/10/06 = **5,035.05** | (taxes not paid but due and owing) | $5,000.00 ($1,000/acre) |
| Tract H22-25 (5.0 acres) 04cv580 | $500.00 + $3,750.00 on 12/16/04 + $784.51 on 5/10/06 = **$5,034.51** | (taxes not paid but due and owing) | $5,000.00 ($1,000/acre) |
| Tract H10-34 (10.0 acres) 04cv581 | $1,000.00 + $7,500.00 on 12/16/04 + $1,570.11 on 5/10/06 = **$10,070.11** | (taxes not paid but due and owing) | $10,000.00 ($1,000/acre) |
| Tract H05-28 (5.0 acres) 04cv582 | $500.00 + $3,750.00 on 12/27/04 + $785.05 = **$5,035.05** | (taxes not paid but due and owing) | $5,000.00 ($1,000/acre) |
| Tract B04-31 (2.5 acres) 04cv583 | $2,800.00 | (taxes owing; application by claimant) | $3,150.00 ($1,260/acre) |
| Tract J06-41 (5.0 acres) 04cv584 | $4,250.00 + $784.51 on 5/10/06 = **$5,034.51** | (taxes not paid but due and owing) | $5,000.00 ($1,000/acre) |
| Tract J06-43 (10.0 acres) 04cv585 | $8,500.00 + $1,569.01 on 5/10/06 = **$10,069.01** | (taxes not paid but due and owing) | $10,000.00 ($1,000/acre) |
| Tract J21-24 (5.0 acres) 04cv586 | $4,250.00 + $784.51 on 5/10/06 = **$5,034.51** | (taxes not paid but due and owing) | $5,000.00 ($1,000/acre) |

The Court further finds and concludes:

1.  That title in the property shall be vested in the United States of America by operation of law as of December 3, 2004. As of that date, the fair market value of each tract was $1,000 per acre as set forth in the chart above, except in Case No. 2:04-cv-583-FTM-99SPC wherein a settlement was reached.

2.  That payment of Just Compensation, as provided above, shall be in full satisfaction of any and all claims of what ever nature against the plaintiff by reason of its institution and prosecution of this action and the taking of the property.

3.  That Just Compensation will be subject to all real estate taxes, liens and encumbrances of what ever nature existing against the Property at the time of vesting title in the Plaintiff. Such taxes, liens and encumbrances are payable and deductible from the Just Compensation, to the extent established and proven to the Court upon application.

4.  That the Just Compensation includes the estimated just compensation previously deposited by the Plaintiff. The Plaintiff shall deposit into the Registry of the Court that portion of the Just Compensation, if any, in excess of the amount of the estimated just compensation previously deposited, plus interest accrued at the rate established pursuant to 40 U.S.C. § 258 e-1 from the date of taking, September 18, 2003, until the date of the deposit. Such deposit shall be made within **FORTY-FIVE (45) DAYS** of the entry of this Opinion and Order.

5. That the Clerk of the Court will retain the deposited Just Compensation until further order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation.

6. The Clerk of the Court shall enter Judgment immediately, notwithstanding disbursements, as provided above and incorporating the contents of this Opinion and Order for all cases herein. The Clerk of the Court shall administratively close all cases without terminating any pending motions or outstanding applications, not to exceed five (5) years. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

7. That, in the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of five years from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

8. That the findings and conclusions made by this Court in its Order Granting Plaintiff's Motion for *Ex Parte* Order for Delivery of Possession are incorporated herein and are adopted by the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of June, 2006.

JOHN E. STEELE
United States District Judge

Copies:
John F. Rudy, III, Assistant U.S. Attorney
United States Attorney's Office

Glen Tucker/Brenda C. Garretson
Collier County Tax Collector

Unrepresented parties

Intake
Finance